IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DIMETRIA WHISBY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-6 (MTT) |
| MARGUERITE LOVELACE, | ) |
| Defendant. | ) |

### ORDER

Plaintiff Dimetria Whisby has moved to remand her case to the State Court of Bibb County. (Doc. 4). She says Defendant Marguerite Lovelace has not met her burden to establish the jurisdictional amount-in-controversy. The Plaintiff's motion is **GRANTED**.

### I. DISCUSSION

#### A.  Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on the initial pleading, the defendant must file the notice of removal within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed." *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga.) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)). The party

seeking removal bears the burden of establishing federal jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted). Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F3d at 1062.

**B.     Amount in Controversy**

This cause of action arises from a parking lot mishap. The Plaintiff says the Defendant backed out of a parking space into her lane of travel. (Docs. 1-1 ¶¶ 6-7; 1-3 at 2). The Plaintiff agrees that she and the Defendant are citizens of different states, but she argues the Court lacks subject matter jurisdiction because the amount-in-controversy requirement is not met. In her complaint, the Plaintiff asks for special and general damages and generically describes the harm suffered as "serious and

permanent bodily injuries from which she has suffered, still suffers and will continue to suffer great physical and emotional pain and suffering." (Doc. 1-1 ¶¶ 11, 13).  But she does not demand a specific amount of damages.

Because it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the Defendant must otherwise prove that it is by a preponderance of the evidence.  To do this, the Defendant relies on the Plaintiff's pre-suit offer to settle for the Defendant's policy limits of $100,000 and the Plaintiff's refusal to stipulate that her damages are $75,000 or less.  (Doc. 6 at 3).

A settlement offer alone is not determinative of the amount in controversy, but "it counts for something."  *Burns*, 31 F.3d at 1097.  How much it counts depends on its content.  A settlement offer that reflects "puffing and posturing" is entitled to little weight.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  On the other hand, "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'"  *Cross*, 2011 WL 976414, at *2 (citations omitted).  "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest[] the plaintiff is offering a reasonable assessment of the value of [her] claim."  *Farley v. Variety Wholesalers, Inc.*, 2013 WL 1748608, at *2 (M.D. Ga.) (first alteration in original) (internal quotation marks and citation omitted).

The Defendant argues the initial demand letter sent on May 8, 2014 "for the $100,000.00 liability policy limits" should be seen as "an honest assessment of the value of her claims."  (Docs. 1-3 at 3; 6 at 9).  The settlement proposal describes the Plaintiff's injuries and treatment in some detail but then says that the Plaintiff's medical bills totaled less than $10,000.  (Doc. 1-3).  The Defendant acknowledges this but

emphasizes the Plaintiff's representation in her proposal that she will experience "future pain and suffering," that she "continues to experience constant pain," and that she has "continued need for treatment," particularly given an aggravation of a preexisting injury. (Doc. 1-3). Consequently, the Defendant thought it appropriate to remove the case to federal court.

The Plaintiff's motion to remand provides additional details about the parties' pre-suit negotiations. First, the Defendant countered the Plaintiff's $100,000 demand with an offer of $7,500. (Doc. 4-1 at 1). The Plaintiff then lowered her demand to $50,000, acknowledging that she is only seeking damages for a six month period and that $50,000 is "an amount well within [the Defendant's] $100,000 policy limit." (Doc. 4-1 at 1-2). Clearly, the initial $100,000 offer does not reflect an honest assessment of damages, but rather posturing and puffery based on the Defendant's policy limits. Thus, the Court concludes the initial demand letter is entitled to little weight.

Further, the Plaintiff's refusal to stipulate that she seeks less than $75,000 is not sufficient to establish the amount in controversy. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."). While a plaintiff may stipulate to avoid removal or secure remand, there certainly is no requirement that she do so.

In sum, the initial demand carries little weight in the context of the entirety of the parties' settlement negotiations. Further, based on the Court's experience, it is unlikely that the Plaintiff would recover more than $75,000 in this parking lot mishap. Thus, the Defendant has not met her burden to show, by a preponderance of the evidence, that

the amount in controversy exceeds $75,000.  Therefore, this Court lacks subject matter jurisdiction.

## II. CONCLUSION

The Plaintiff's motion to remand is **GRANTED**.  (Doc. 4).  The case is **REMANDED to the State Court of Bibb County**.

**SO ORDERED**, this 11th day of April, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT